IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Corporate Lodging Consultants, Inc.,** | CASE NO. 1:21-CV-1611 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| **Mary Szafarski, et al.,** | |
| Defendants. | MEMORANDUM OF OPINION AND ORDER |

Currently pending is a dispute between the parties regarding who should bear the costs of a neutral forensic examination of Defendants' electronic devices.[1]

On September 13, 2021, Plaintiff Corporate Lodging Consultants, Inc. ("Plaintiff" or "CLC") submitted a Position Paper to Chambers in which it argued that the parties should split the costs of the forensic examination equally. Plaintiff argues that splitting the costs is reasonable given that all parties will have access to the neutral vendor conducting the examination and will be provided with the electronically stored information ("ESI") discovered as a result of the review. Plaintiff further notes that, at the conclusion of the matter, "the prevailing party will be within its rights to ask the losing party to pay for its share of the expenses."

---

[1] On August 20, 2021, this Court issued a Memorandum Opinion & Order in which it (1) granted Plaintiff Corporate Lodging Consultant's Motion for Temporary Restraining Order and request for Expedited Discovery and (2) set a preliminary injunction hearing for October 1, 2021. (Doc. No. 7.) Of particular relevance herein, the Court ordered that: "[P]rior to the Preliminary Injunction Hearing, the Court directs the parties to work together to arrive upon a process or protocol for conducting a forensic examination of Defendants' electronic devices and accounts which were used to access (or may contain) Plaintiff's confidential information or trade secrets; and/or on which Defendants contacted, attempted to contact, or otherwise communicated with any of Plaintiff's customers for the purpose of soliciting business in competition with Plaintiff." (*Id*. at p. 22.)

Defendants Mary Szafarski and Campbell Resources, Ltd. submitted a Response on September 15, 2021. Therein, Defendants argue that they should not be required to shoulder any part of the expense because "CLC has presented no relevant case law or argument as to why Defendants should pay any portion of the costs for CLC's fishing trip." The Court notes that, although Defendants criticize Plaintiff for failing to cite relevant legal authority in support of its request, Defendants themselves fail to cite any legal authority in support of their position.

Upon careful consideration, the Court finds that the cost of the forensic examination at issue shall be shared equally between the parties in light of the joint nature of the work and the fact that all parties will be provided with the material produced as a result of the examination. Moreover, Plaintiff has acknowledged that, if Defendants ultimately prevail in this matter, they "will be within their rights" to ask Plaintiff to pay for its share of the expense.

Accordingly, the Court orders the parties to split equally the cost of the forensic examination of Defendants' electronic devices.

**IT IS SO ORDERED.**

Date: September 16, 2021

      _s/Pamela A. Barker_
      PAMELA A. BARKER
      U. S. DISTRICT JUDGE